## Commonwealth v. Hayden

*Anthony L. Differ*, assistant district attorney, for Commonwealth.

*Foulke, Foulke & Knight*, for defendant.

CORSON, J., January 18, 1950.—Defendant, Joseph A. Hayden, Jr., is indicted as president of a certain corporation, upon the charge of "opening a road without approval of board of supervisors". The original indictment alleges that the offense took place on or about November 6, 1945, and at divers other times

subsequent thereto. Since the indictment was found on January 27, 1949, defendant demurred to the bill as being barred by the statute of limitations.

In the indictment in question the district attorney amended the date to April 6, 1946, which, however, is also more than two years prior to the finding of the indictment. The district attorney, however, contends that the statute of limitations as to this indictment is six years and relies upon the Act of May 16, 1945, P. L. 582, sec. 1, 19 PS §213, entitled "Misdemeanors by Officers of Corporations". This section reads as follows:

"Indictments for felonies or misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employe or member of any bank, body corporate or public company, municipal or quasi-municipal corporation may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed. The provisions of this section shall not be construed so as to apply to indictments for any felony or misdemeanor other than those as to which any of the foregoing relationships to a bank, body corporate or public company, or municipal or quasi-municipal corporation, *is an essential element of the crime.*" (Italics supplied.)

We cannot agree with the contention of the district attorney. The first sentence of this section would seem to sustain the Commonwealth. However, the last sentence provides that this section shall be construed as applying only to those cases in which any of the relationships stated in the first sentence to a bank or corporation is an essential element of the crime. We apprehend that this means that the act shall only apply to such crimes as embezzlement by a bank cashier and similar crimes where defendant must be acting in his

capacity as a certain officer, director, etc., in order for the crime to be committed.

In the present case the crime of opening a public road could be committed by an individual or a corporation or partnership and it is not an essential element of the crime that defendant be an officer, director, etc., of any corporation in order to commit the crime. As a matter of fact, in the present case, November term, 1948, no. 211-1, is an indictment of Chesney Downs, Inc. The Commonwealth also presented an indictment, June term, 1948, no. 211, against Joseph A. Hayden, as an individual.

The demurrer to the indictment against Joseph A. Hayden, Jr., individually, has already been sustained because the district attorney was unable to amend the bill to bring it within the statutory period. Since we feel, for the reasons given, that the Act of May 16, 1945, supra, setting forth the six-year statute of limitations, does not apply in the present case, and since the bill admittedly is barred under the two-year statute, we enter the following decree:

And now, January 18, 1950, defendant's demurrer to bill no. 211-2, November term, 1948, is sustained.